UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| WILLIAM LEE GRANT | : | |
| --- | --- | --- |
| | : | |
| v. | : | C.A. No. 19-00353-WES |
| | : | |
| GREGORY K. HARRIS, et. al. | : | |

**REPORT AND RECOMMENDATION
FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

**Background**

On July 1, 2019, Plaintiff filed a pro se Complaint accompanied by an Application to Proceed Without Prepayment of Fees including the $400.00 per case filing fee. (ECF Doc. Nos. 1, 2). Plaintiff's Application (ECF Doc. No. 2) filed pursuant to 28 U.S.C. § 1915 has been referred to me for determination. 28 U.S.C. § 636; LR Cv 72. After reviewing Plaintiff's Application signed under penalty of perjury, I conclude that Plaintiff is financially unable to pay the fees and costs of this proposed civil case and thus, Plaintiff's Application to Proceed Without Prepayment of Fees (ECF Doc. No. 2) is GRANTED.

Having granted IFP status, I am required by statute to further review Plaintiff's Complaint sua sponte under 28 U.S.C. § 1915(e)(2) and to dismiss if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED because it is "frivolous," and "fails to state a claim on which relief may be granted." See 28 U.S.C. § 1915(e)(2)(B).

**Facts**

Plaintiff is a prolific pro se litigant who has filed identical copies of this lawsuit in Federal Courts throughout the country. His Complaint is typewritten but contains handwritten notations and

substitutions throughout. For example, Plaintiff handwrote "District of Rhode Island" on his Complaint in the margin and crossed out the name of another federal court where he previously filed this Complaint. Moreover, in the body of his Complaint, he notes that the Federal Courts in the Northern and Central Districts of Illinois; Southern District of Illinois; Central District of California; District of Maryland; Northern District of Georgia; Eastern District of New York; Western District of Virginia; Eastern, Northern and Western Districts of Texas and the Federal Circuit have found this lawsuit to be frivolous and have dismissed it. (ECF Doc. No. 1 at p. 1.) A review of his filings in the PACER document filing system confirms that he has filed this lawsuit throughout the country.

In his Complaint, Plaintiff alleges that the Illinois Department of Employment Security denied him federal unemployment benefits after he filed civil rights and ethics complaints. (ECF Doc. No. 1 at p. 2.) He seeks to hold Defendants liable. From there, his Complaint regresses to a discussion of political views ("[v]ice President Cheney had a conflict of interest in advocating for the Invasion of Iraq"); television shows ("[a]lly McBeal is an eccentric lawyer who is surrounded by eccentric lawyers…"); questions ("[w]here shall Henry Kissinger be tried for his War Crimes?") and statements ("[g]randmas kick ass."). See Id. at pp. 4-11.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action filed in forma pauperis is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. §

1915(e)(2)(B)(i).  A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**Discussion**

This Court is recommending that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).  In making this recommendation, this Court has taken all of the allegations in Plaintiff's Complaint as true and has drawn all reasonable inferences in his favor.  Estelle v. Gamble, 429 U.S. 97 (1976).  In addition, this Court has liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant.  See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required because even when afforded a liberal construction, the Complaint fails to state a claim and is frivolous. From Plaintiff's Complaint, it is impossible to ascertain what specific federal law his claim is based upon, what relief he is seeking, or how all of the various attachments relate to one another.  As drafted, the Complaint does not inform Defendants or the Court as to the relevant facts and claims, nor does it permit Defendants to answer the Complaint and prepare for trial.   In short, as Judge Easterbrook summarized, "Rule 8(a) requires parties to make their pleadings straight forward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." Parker v. Learn the Skills Corp., No. 03-6936, 2004 WL 2384993 (E.D. Pa. Oct. 25, 2004) (quoting United States, ex. rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003)).

The Complaint further fails to state a claim because it presents no discernable basis for federal jurisdiction, or for venue in this District.  Pursuant to 28 U.S.C. § 1391(b), venue is proper only in a judicial district in which any defendant resides, where a substantial part of the events or omissions giving rise to the claim occurred or where any defendant may be subject to the court's personal jurisdiction with respect to such action.  Plaintiff does not allege any events giving rise to the claim occurred in Rhode Island.  Defendant is not a resident of Rhode Island, and there are no facts alleged

that would support the assertion of personal jurisdiction over Defendant in this District. Thus, proper venue does not lie in this District. As noted, Plaintiff has attempted to file this Complaint in Courts across the country, and the Complaint has been uniformly dismissed as frivolous by other reviewing federal courts.

**Conclusion**

For the reasons stated, Plaintiff's Application to Proceed Without Prepayment of Fees (ECF Doc. No. 2) is GRANTED. However, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), I further recommend that Plaintiff's Complaint (ECF Doc. No. 1) be DISMISSED with prejudice.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 20, 2019